UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SHERNARD C. STEWART, SR.        )
                                )
        Plaintiff,               )
                                )       1:19-cv-00083-TRM-SKL
v.                              )
                                )
TN DEPARTMENT OF SAFETY AND     )
HOMELAND SECURITY               )
                                )
        Defendant.               )

## REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by pro se Plaintiff Shernard C. Stewart ("Plaintiff") [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court. I do not reach the question of whether Plaintiff is indigent, because I **RECOMMEND** this action be dismissed for the reasons explained below.[1]

---

[1] Plaintiff has filed numerous *pro se* cases in this Court: *Stewart v. Moccasin Bend Mental Hosp.*, Case No. 1:07-cv-305-WBC which was consolidated with *Stewart v. Tennessee Civil Serv. Comm'n*, Case No. 1:08-cv-255-WBC (judgment entered in favor of defendants following bench trial); *Stewart v. TDMH,* Case No. 1:12-cv-398-HSM-SKL (dismissed for failure to state a claim); *Stewart v. Tennessee Dep't of Mental Health*, Case No. 1:14-cv-17-HSM-SKL (dismissed for lack of subject matter jurisdiction); *Stewart v. Tennessee Dep't of Mental Health*, 1:09-cv-320-HSM-WBC (dismissed as time barred); *Stewart v. Tennessee Dep't of Mental Health*, Case No. 1:12-cv-302-HSM-SKL (dismissed for lack of subject matter jurisdiction); *Stewart v. Red Bank Police Dep't,* 1:16-cv-345-JRG-CHS (dismissed on defendants' motions); *Stewart v. Moccasin Bend Mental Hosp.*, Case No. 1:16-cv-346-TAV-CHS (dismissed for failure to state a claim); *Steward v. Chattanooga Police Dep't*, Case No. 1:16-cv-347-TAV-CHS (dismissed for failure to state a claim).

**I.      STANDARDS**

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that he is unable to pay court costs and fees.  28 U.S.C. § 1915(a).  A district court may, however, dismiss a complaint as to which an IFP application has been filed if the complaint is frivolous, if it fails to state a claim upon which relief can be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A district court also has the authority to dismiss a complaint on its own initiative for lack of subject matter jurisdiction.  *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) (citing *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."  A complaint need not state "detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement."  *Id.* at 555, 557 (citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'"  *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

2

The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted).

## II. ANALYSIS

In this case, Plaintiff claims his "handgun permit" was wrongfully revoked in June 2018. He cites the Civil Rights Act of 1964 and the Second Amendment to the United States Constitution. He also claims he was defamed. He seeks $1,000,000 in damages and asks the Court to order that his handgun permit be restored. Plaintiff fails to specify which provision of the Civil Rights Act of 1964 he believes applies to his claims; however, given that he cites the Second Amendment, I conclude that he is asserting deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.[2]

The only defendant Plaintiff names is the Tennessee Department of Safety and Homeland Security ("TDOS"). The Eleventh Amendment to the United States Constitution "bars an action in federal court against a State or a state agency unless Congress has abrogated its sovereign immunity or the State has expressly waived it." *Hill v. License*, No. 3:18-CV-149-JRG-HBG,

---

[2] United States Code Title 42, Chapter 21 includes civil-rights related federal statutes. Subchapter I includes § 1983. None of the other subchapters, which each address discrimination in a different context, cover Plaintiff's claim (IA – institutionalized persons; II – public accommodations; III – public facilities; IV – public education; V – federally assisted programs; VI – equal employment opportunities; VII – registration and voting statistics; VIII – community relations service; IX – miscellaneous provisions including criminal contempt and intervention by the United States Attorney General).

2018 WL 1787295, at *2 (E.D. Tenn. Apr. 13, 2018) (citing *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 472-73 (1987); *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986)). This immunity applies to claims for monetary or injunctive relief. *Id.* (citing *Lawson v. Shelby Cty.*, 211 F.3d 331, 335 (6th Cir. 2000) (the Eleventh Amendment "prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief")). Congress did not abrogate Eleventh Amendment immunity by passing § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Also, "Tennessee has not expressly waived its right to sovereign immunity." *Id.* (citing *Gross v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980); *Anderson v. Univ. of Tenn.*, No. 3:15-CV-00513, 2017 WL 499981, at *2 (E.D. Tenn. Feb. 7, 2017)) (other citation omitted).

TDOS is a state agency of Tennessee, and I therefore **FIND** it is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution. *See id.* ("The Tennessee Department of Safety & Homeland Security, a state agency . . ., is entitled to immunity under the Eleventh Amendment." (citing *Eckerman v. Tenn. Dep't of Safety*, 636 F.3d 202, 210 (6th Cir. 2010); *Thikol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); *Hazelwood v. Tenn. Dep't of Safety*, No. 3:05-CV-356, 2006 WL 752588, at *1 (E.D. Tenn. Mar. 22, 2006))). Because TDOS is immune under the Eleventh Amendment, I **FIND** the Court lacks jurisdiction over Plaintiff's claims against it, and **RECOMMEND** they be dismissed. *Id.* (citing *Cady v. Arenac Cty.*, 574 F.3d 334, 355-45 (6th Cir. 2009)). Moreover, I **FIND** Plaintiff's claims are frivolous, and that Plaintiff seeks monetary relief against a defendant who is immune from such relief, which are both grounds mandating dismissal under 28 U.S.C. § 1915(e)(2).

### III. CONCLUSION

4

For the reasons stated herein, I **RECOMMEND**[3] this action be **DISMISSED** in its entirety.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).